IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES E. NOBLES,　　Plaintiff, | §<br>§<br>§　　3:10-CV-1457-D |
| v. | §<br>§ |
| FARMERS BRANCH POLICE DEPT.<br>ET AL.,　　Defendants. | §<br>§<br>§ |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**DISCUSSION**

Plaintiff filed this complaint alleging Defendants Farmers Branch Police Department, Angela Vacula, J. Lawrence and the Texas Workforce Commission violated his civil rights.

Plaintiff has previously been sanction $500 by the Court. *See Nobles v. Roberson*, 3:03-CV-2703-M (N.D. Tex.). This sanction states that any civil action filed by Plaintiff will be summarily dismissed unless Plaintiff demonstrates that he has paid the $500 sanction. Plaintiff has failed to allege or show that he has paid the sanction prior to filing this complaint. His complaint should therefore be dismissed without prejudice.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed without prejudice for failure to comply with the Court's sanction order.

Signed this 2nd day of August, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).